UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| DAMON CHADWELL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:19-cv-00043-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| JOHN PROCTOR, et al., ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

By way of a 42 U.S.C. § 1983 complaint, *pro se* plaintiff Damon Chadwell alleges a violation of his Eighth Amendment rights. [*See* R. 10.] Chadwell has been granted pauper status, and his complaint is now before the Court for an initial screening. Upon review, the Court finds that one of Chadwell's allegations requires a response from the relevant defendants.

The Prison Litigation Reform Act provides for the Court to perform a preliminary screening of Chadwell's claims. Pursuant to 28 U.S.C. § 1915(e)(2), the Court will dismiss any portion of Chadwell's complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Because Chadwell is proceeding without an attorney, the Court evaluates his complaint under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). And, at this stage of the proceedings, the Court accepts Chadwell's factual allegations as true and liberally construes Chadwell's legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Chadwell's Court-approved complaint form alleges two instances of possible deliberate indifference to his serious medical needs. First, Chadwell states that on March 26, 2019, he was

in a physical altercation at the Carroll County Detention Center with another inmate. [R. 10 at 2.] According to the complaint, "[a]fter the incident Mr. Chadwell attempted to tell the above defendants he needed medical treatment yet John Proctor, Susanne last name unknown, Matt Lowe and Jeremy Walls denied Chadwell [sic] plea for help after nurse gave ice, ibuprofen." [*Id.*] Several days later, Chadwell was transferred to the Kentucky Correctional Psychiatric Center where he was subsequently taken to the hospital and found to have a broken eye socket and fractured nose. The complaint then states that "Chadwell was told surgery needed done/eye exam. Yet upon April 18th 2019 was taken back to Carroll Co. Detention Center with documents but nothing was done nor any further treatment." [*Id.* at 3.]

In order to plead a cognizable Eighth Amendment claim for inadequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim involves a two-part inquiry with both an objective and a subjective component: (1) the plaintiff must allege a sufficiently serious medical need, and (2) the plaintiff must allege facts that "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (quoting *Comstock v. McCrary*, 273 F.3d 693, 607 (6th Cir. 2001)).

Chadwell complains of incidents occurring on two different dates—March 26, 2019, and April 18, 2019. Chadwell's allegations with respect to April 18 are unfortunately too threadbare to state a viable Eighth Amendment claim. Chadwell fails to identify which, if any, of the named defendants were responsible for denying him treatment upon his return to the Carroll County Detention Center. The passive voice nature of the claim ("Yet upon April 18th 2019 was taken

back to Carroll Co. Detention Center with documents but nothing was done nor any further treatment") does not explain which jail official(s) subjectively knew Chadwell required surgery but purposefully disregarded his need for that surgery. [*See* R. 10 at 3.] A complaint must give a defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also* Fed. R. Civ. P. 8(a). Here, the Court cannot identify which defendant is the subject of the plaintiff's April 18 claim, and the Court may not "abrogate basic pleading essentials" even in a *pro se* prisoner suit where some leniency is appropriate. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Chadwell's allegations with respect to March 26, however, deserve a response from the four named defendants. The complaint states that Chadwell pleaded with the four defendants for additional help even after the nurse provided him some basic first aid, like ice packs and Ibuprofen, but that the defendants refused his requests. [*See* R. 10 at 2.] At this early stage of the proceedings, the Court finds this claim sufficient to survive the 28 U.S.C. § 1915(e)(2) screening, particularly where it was later confirmed that Chadwell's injuries included a broken eye socket and nose fracture. Because Chadwell is proceeding *in forma pauperis*, the United States Marshals Service will serve the summons and complaint on the relevant defendants on Chadwell's behalf. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

### III

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Chadwell's claims against Southern Health Care Partners are **DISMISSED**;

2. Chadwell's allegations related to an April 18, 2019 Eighth Amendment violation are **DISMISSED**;

3. Chadwell's allegations related to a March 26, 2019 Eighth Amendment violation may **PROCEED** consistent with this Memorandum Opinion and Order;

4. A Deputy Clerk shall prepare four "Service Packets" for service upon John Proctor, Susanne, Matt Lowe, and Jeremy Walls. The Service Packets shall include:

    a. a completed summons form;

    b. the amended complaint [R. 10];

    c. the order granting Chadwell pauper status [R. 12];

    d. a copy of this order; and

    e. a completed USM Form 285;

5. The Deputy Clerk shall send the Service Packets to the United States Marshals Service ("USMS") in Lexington, Kentucky, and shall note the date of delivery in the docket;

6. The USMS shall personally serve the defendants through cooperation with the Carroll County Detention Center, 800 Clay Street, Carrollton, Kentucky, 41008;

7. Chadwell must immediately advise the Clerk's Office of any change to his current mailing address. Failure to do so may result in dismissal of this case; and

8. If Chadwell wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Chadwell files must include a written certification that he has mailed a copy of it to the defendants or their counsel and must state the date of mailing. The Court may disregard letters sent directly to the judge's chambers or motions lacking a certificate of service.

This the 12th day of August, 2019.

Gregory F. Van Tatenhove
United States District Judge